IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br>1101 K Street, N.W., Suite 201<br>Washington, D.C. 20005<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the U.S. Department of Justice ("DOJ") to disclose to CREW calendar entries from Attorney General William Barr reflecting appointments of any kind with John H. Durham, the U.S. Attorney for the District of Connecticut.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. §§ 552(a)(3)(a) and (6)(E)(i), and DOJ's regulations by refusing to provide CREW all responsive records, and injunctive relief ordering defendant DOJ to process and release to CREW immediately the requested records in their entirety.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court

also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## Statutory and Regulatory Background

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. In "unusual circumstances" an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written notice

setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i). The FOIA defines "unusual circumstances" as including the need to search for and collect responsive records from offices other than the office processing the request; the need to search for, collect, and examine a "voluminous amount of separate and distinct records"; and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I)-(III).

**Factual Background**

9. On May 13, 2019, it was reported that Attorney General Barr had tasked Mr. Durham with investigating the origins of Special Counsel Robert Mueller's probe into Russian interference in the 2016 election. Mark Zapotosky and Felicia Sonmez, Barr taps U.S. attorney in Connecticut to investigate origins of Russia probe, *Washington Post*, May 13, 2019, *available at* https://www.washingtonpost.com/politics/barr-taps-us-attorney-in-connecticut-to-investigate-origins-of-russia-probe/2019/05/13/abd1b74c-75e1-11e9-bd25-c989555e7766_story.html. The Attorney General took this action while DOJ's Inspector General was investigating this same issue, and seemingly in response to public calls from President Donald Trump for an investigation into the origins of Mr. Mueller's investigation. *See, e.g.*, https://twitter.com/realdonaldtrump/status/1129343742748569601 ("My Campaign for President was conclusively spied on. Nothing like this has ever happened in American Politics. A really bad situation. TREASON means long jail sentences, and this was TREASON!"); https://twitter.com/realdonaldtrump/status/1085144283437506560) ("The rank and file of the FBI are great people who are disgusted with what they are learning about Lyin' James Comey and the so-called "leaders" of the FBI. Twelve have been fired or forced to leave. They got caught spying on my campaign and then called it an investigation. Bad!").

10. Like President Trump, Attorney General Barr also suggested publicly that the FBI had "spied" on the Trump presidential campaign, Charlie Savage, Nicholas Fandos and Katie Benner, Attorney General William Barr Thinks 'Spying Did Occur' on Trump Campaign, *N.Y. Times*, Apr. 10, 2019, *available at* https://www.nytimes.com/2019/04/10/us/politics/william-barr-jeffrey-rosen-hearings.html, even though FBI Director Christopher Wray has denied, under oath, that he has any evidence of illegal surveillance of the Trump Campaign. Devlin Barrett, FBI director tells Congress he has no evidence of 'spying' on Trump campaign, *Washington Post*, May 7, 2019, *available at* https://www.washingtonpost.com/world/national-security/fbi-director-tells-congress-he-has-no-evidence-of-spying-on-trump-campaign/2019/05/07/075e6f3a-70cc-11e9-9f06-5fc2ee80027a_story.html.

11. The question of what and who Mr. Durham is investigating was thrust into the public spotlight by at least three members of Congress. In January 2019, House Committee on Oversight and Reform Ranking Member Jim Jordan and Mark Meadows pointed to evidence that Mr. Durham was investigating high-ranking FBI officials, including former FBI General Counsel James Baker, for potential unauthorized disclosures to the media. Letter from Representatives Jim Jordan and Mark Meadows to John H Durham, United States Attorney for the District of Connecticut, Jan. 15, 2019, *available at* https://bit.ly/2QR8PdM. Senator John Cornyn and one of his spokespeople suggested that Mr. Durham also was investigating former Vice President Joe Biden for "conflicts of interest" and "possible corruption" as part of his probe into the origins of the Russia investigation, https://twitter.com/JohnCornyn/status/1180097943141048320; https://twitter.com/seungminkim/status/1180130117642838019, although his spokesperson later walked back the claim by suggesting Senator Cornyn "was saying that the Durham investigation could

end up also looking at the Bidens." https://twitter.com/seungminkim/status/118017060397 1649537?s=12.

12. Notwithstanding this public record, efforts through the FOIA to obtain a copy of the Attorney General's order directing Mr. Durham to conduct an investigation have been unsuccessful. Letter from Douglas R. Hibbard, Office of Information Policy, DOJ to Austin Evers, American Oversight, July 17, 2019, *available at* https://bit.ly/30YBEu6.

*CREW's FOIA Request to DOJ*

13. On June 7, 2019, CREW sent a FOIA request by facsimile to DOJ's Office of Information Policy requesting copies of all calendar entries for Attorney General Barr from February 19, 2019 to the present reflecting appointments of any kind, including but not limited to in-person meetings or telephone conversations with Mr. Durham.

14. CREW sought a waiver of fees associated with processing its request. CREW explained that the requested records may shed light on the nature of the relationship between the Attorney General and Mr. Durham and the circumstances surrounding the Attorney General's insinuation that the Trump campaign was the subject of illegal surveillance.

15. By letter dated June 17, 2019, DOJ acknowledged receipt of CREW's FOIA request on June 7, 2019. DOJ further claimed that the records CREW seeks require a search in and/or consultation with another office and therefore fall within the "unusual circumstances" provision of the FOIA. DOJ, however, further claimed to need more than 10 additional days, but did not provide a date by which the agency anticipated a response. DOJ also stated without explanation that it had placed CREW's request in the complex track.

16. To date, CREW has received no further response from DOJ.

## PLAINTIFF'S CLAIM FOR RELIEF

17. Plaintiff repeats and re-alleges paragraphs 1-16 set forth above.

18. Plaintiff properly asked for records within the custody and control of DOJ.

19. Defendant DOJ wrongfully withheld from disclosure all non-exempt records responsive to plaintiff's FOIA request.

20. By failing to release the records plaintiff requested, defendant has violated the FOIA.

21. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of non-exempt requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant Department of Justice to immediately and fully process plaintiff's June 7, 2019 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
Anne L. Weismann
(D.C. Bar No. 298190)

                              Conor M. Shaw
                              (D.C. Bar No. 1032074)
                              Citizens for Responsibility and Ethics
                                  in Washington
                              1101 K Street, N.W., Suite 201
                              Washington, D.C.  20005
                              Phone: (202) 408-5565
                              Facsimile: (202) 588-5020
                              aweismann@citizensforethics.org

Dated: October 16, 2019            *Attorneys for Plaintiff*